IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE R. MERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv7 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bruce R. Merryman, a prisoner confined at the Leblanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Parties instituting any civil action, suit or proceeding are required to pay a filing fee of $402.00. The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay the full filing fee. When insufficient funds exist to pay the full fee at the time of filing, a prisoner may request to proceed *in forma pauperis* and is required to pay an initial partial filing fee of twenty percent of the greater of the average monthly balance or deposits into the prisoner's account. After payment of the initial partial filing fee, twenty percent of each preceding month's income will be deducted from plaintiff's inmate account monthly until the full filing fee is paid.

Plaintiff failed to pay the $402.00 filing fee at the time he submitted his complaint. The undersigned therefore interprets plaintiff's failure to pay the filing fee as a request to proceed *in forma pauperis* in this action.

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed at least three prior lawsuits or appeals that have been dismissed as frivolous or for failure to state a claim. *See Merryman v. Tex. Bd. Of Pardons and Paroles*, Civil Action No 5:19cv333 (W.D. Tex. May 28, 2019) (dismissed as frivolous); *Merryman v. Tex. Bd. Of Pardons and Paroles*, No 19-50585 (5th Cir. Oct. 19, 2020) (appeal dismissed as frivolous)*;* and *Merryman v. Davis*, Civil Action No. 1:20cv392 (E.D. Tex. Sept. 28, 2022) (dismissed for standing and for failure to state a claim). The partial dismissal of a prisoner complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Robinson v. Stephens*, 726 F. App'x 228, 229 (5th Cir. 2018) (unpublished). Accordingly, § 1915(g) applies to this action.

The allegations set forth in plaintiff's complaint do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 10th day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge